UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

SeanPaul REYES

v.

CITY OF DANBURY
KENNETH UTTER
PAUL TIBITTS
JOHN DICKINSON
CHRISTOPHER DENNIS
PATRICK RIDENHOUR
KATIE PEARSON

No. 3:21cv1235 AVC

SEP 16 2021 PM3:48
FILED-USDC-CT-HARTFORD

SEPTEMBER 16, 2021

## COMPLAINT

### Introduction

In this matter, plaintiff SeanPaul Reyes seeks redress for municipal police employees' decision to harass him while he was peacefully filming inside the Danbury Public Library in Danbury, Connecticut. Furthermore, the Library Director at the Danbury Library has permanently trespassed the plaintiff from the Danbury Public Library solely on the basis of plaintiff Reyes exercising his 1st Amendment constitutional rights to fil in public. Plaintiff Reyes did not disturb anyone at the Library and at the time plaintiff Reyes was filming there was no policy in place at the Danbury Public Library that prohibited photography or videography at the Library. Mr. Reyes seeks damages to remind the defendants that the peaceful exercise of one's 1st Amendment rights in public is a right Mr. Reyes has as an individual and as a member of the press in this country. Further Mr. Reyes 4th Amendment rights were violated as he was forced to surrender his driver's license and threatened with arrest if he did not so comply.

### Jurisdiction

1. The United States District Court has subject matter jurisdiction over this dispute because the plaintiff's claims arise under the law of the United States. 28 U.S.C. § 1331.

2. Venue is proper in the District of Connecticut because all of the events giving rise to the plaintiff's claims transpired within it. 28 U.S.C. § 1391(b)(2).

**Parties**

3. Plaintiff SeanPaul Reyes is a resident of Bellport, New York.

4. Mr. Reyes is employed full time as an independent journalist and operates a for-profit YouTube Channel called Long Island Audit.

5. Defendant City of Danbury is a municipal corporation located within the State of Connecticut.

6. Defendant Utter is a police officer employed by the City of Danbury, Connecticut.

7. Defendant Tibitts is a police officer employed by the City of Danbury, Connecticut.

8. Defendant Dennis is a police officer employed by the City of Danbury, Connecticut.

9. Defendant Dickinson is a Sergeant in the City of Danbury, Connecticut police department.

10. Defendant Ridenhour is the chief of police of the City of Danbury, Connecticut.

11. Defendant Pierson is the Director of the Danbury Public Library in Danbury, Connecticut.

**Facts**

12. Around 5 PM on June 9, 2021 the plaintiff who was visiting Connecticut and doing some freelance photography for a media company in Connecticut stopped at the Danbury Public Library and went inside the building.

13. Once inside the Danbury Library the plaintiff pulled out his cell phone and began to discretely film the in a quiet and unobtrusive manner.

14. Within two to three minutes of plaintiff using his cell phone to film, he was approached by a Security guard and was told he could not film in the Library.

15. The plaintiff and the security guard discussed the issue and the security guard asked plaintiff to leave the Library if he did not stop filming. The plaintiff told the security guard that it was his First Amendment right to film.

16. The security guard then proceeded to call the Danbury Police seeking to have the plaintiff removed from the Library.

17. Approximately four minutes later several police officers showed up at the Danbury Library and immediately approached the plaintiff and started asking him why he was at the Library and there was back and forth conversation about the plaintiff's right to be in the Library filming between defendant Officer Utter, Officer Tibbits and Officer Dennis.

18. The plaintiff after having engaged in unmeaningful conversation with these three officers asked To see a police supervisor. At first these three defendants refused to call a supervisor to the scene. Eventually an unnamed officer that was also on scene at the Library summoned a supervisor to the Library.

19. While the plaintiffs and Officers Utter, Tibbits and Dennis waited for the supervisor to arrive all three defendants, Utter, Tibbits and Dennis were very rude and disrespectful toward the plaintiff.

20. After about ten to fifteen minutes of the plaintiff and defendants Utter, Tibitts and Dennis going back and forth these officers were telling the defendant that because he was "filming" he was going to be trespassed from the Library.

21. Finally Sgt. Dickinson arrived at the Library and began to investigate whether the plaintiff was "allowed" to be filming inside the Library. Despite the fact that no policy existed that prohibited filming within the Library, defendant Dickinson, Utter, Tibitts and Dennis under threat of arrest told the plaintiff that he must leave the Library because he was filming.

22. After agreeing to leave the Library, defendant Utter and Tibitts began asking the plaintiff for his Identification so that an official trespass would be given to him. The plaintiff was told by the defendants Utter, Tibitts, Dennis and Dickinson that if he did not provide his identification he would be arrested.

23. The plaintiff provided his ID to defendant Tibitts to avoid being arrested and placed into custody.

24. If the plaintiff did not provide his identification he would have been arrested and taken into police custody solely because he was peacefully and quietly filming within the Danbury Public Library, where no policy existed preventing or prohibiting such filming.

25. Several days after the incident the defendant Pearson sent a letter to the plaintiff advising him that he was permanently trespassed from the Library. The plaintiff appealed the "trespass order" in writing and never received a response from defendant Pearson.

26. On several occasions plaintiff has wanted to return to use the Danbury Library and to this very day he is barred from entering Library property.

27. The defendants in this matter were very rude, disrespectful and blatantly violated the plaintiff's rights and the defendant Ridenhour has failed to properly train and supervise the police officer defendants

**CAUSES OF ACTION**

**COUNT ONE:  Violation of the First Amendment**

28. By stopping the plaintiff from peacefully filming in the Library and threatening him with arrest and trespassing him from the Danbury Public Library the defendants violated the plaintiff's rights to free speech and freedom of the press.

**COUNT TWO:  Violation of the Fourth Amendment**

29. By threatening to arrest and illegally trespassing the plaintiff the police officer defendants Illegally seized his identity and threatened to deprive plaintiff of his liberty.

## Request for Relief

30. Accordingly, Mr. Massimino is entitled to have this Court:

   a. award him damages for the violation of his rights,

   b. order the defendants to repay his reasonable costs and fees in accordance with 42 U.S.C. § 1988, and

   b. order any further relief as justice requires.

31. Mr. Reyes demands a jury trial on all disputes of material fact.

The foregoing facts and statements contained within the foregoing are hereby sworn to under oath and penalty of perjury.

_____
**SEANPAUL REYES**
**66 South Village Drive**
**Bellport, New York 11713**
Tel. 631-258-9510
Email: seanpaulreyes91@gmail.com